**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GRADY RENARD WILLIAMS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-02500 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on petitioner's application to proceed *in forma pauperis* ("IFP"), ECF No. 2, and his *pro se* petition for a writ of mandamus, ECF No. 1, brought pursuant to 28 U.S.C. § 1361.  For the reasons explained below, the Court will grant the IFP application and dismiss this matter without prejudice.

Petitioner, who is currently in the custody of the Georgia Department of Corrections, has sued the United States for mandamus relief.  More specifically, he seeks an order directing President Biden to force the release of various proceeds arising from petitioner's "dirt-for-debt" bankruptcy plan, purportedly executed in Georgia, which he claims includes the release of "bond notes and securities" associated with his state criminal convictions.

A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]."  28 U.S.C. § 1361.  "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'"  *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted).  Only if (1) the petitioner has a clear right to relief; (2) the respondent has a

clear duty to act; and (3) there is no other adequate remedy available to the petitioner, *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), can mandamus relief be granted.

Petitioner passingly mentions the first two elements, but instead of elaborating, he broadly cites to a House Joint Resolution and the "UCC," the latter of which the Court gleans to perhaps be a misnomer actually intended to reference the United States Bankruptcy Code. Regardless, these citations are unexplained and are irrelevant to establishing a right to mandamus relief. Put simply, petitioner fails to clear the high bar to state a claim. Indeed, it is unclear what President Biden has to do with his bankruptcy proceedings or his state conviction, if anything. Moreover, to the extent that petitioner seeks to initiate or challenge the outcome of bankruptcy proceedings, he may attempt to do so directly under the applicable federal bankruptcy statutes, but not by and through a writ of mandamus.

Finally, as far as it can be understood, petitioner asks alternatively that his convictions, entered by "the state of Georgia doing business as the United States[,] . . . be declared unlawful[,]" and that he be released from custody. However, petitioner has an available remedy in habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [.]") (citation omitted); *Morales v. Jones*, 417 Fed. App'x 746, 749 (10th Cir. 2011) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause."). And, where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie." *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988).

Consequently, petitioner's recourse to challenge his state conviction is available under 28 U.S.C. § 2254, and only after the exhaustion of available state remedies. *See* 28 U.S.C. §

2254(b)(1).  Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . .  may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application."  28 U.S.C. § 2241(d).  So, if and when petitioner has exhausted his state remedies, he must seek relief in the United States District Court for the District of Georgia, not in this District.

For all of these reasons, the Court dismisses this matter without prejudice.  A separate order accompanies this memorandum opinion.


Date:   October 26, 2023                           _____/s/_____
                                                                                    JIA M. COBB
                                                                         United States District Judge